UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Case No. 11-10253-alg

- - - - - - - - - - - - - - - - - - - - - -x

In the Matter of:

DEWITT REHABILITATION AND NURSING CENTER,

       Debtor.

- - - - - - - - - - - - - - - - - - - - - -x

          United States Bankruptcy Court

          One Bowling Green

          New York, New York

          January 28, 2011

          10:30 AM

B E F O R E:

HON. ALLAN L. GROPPER

U.S. BANKRUPTCY JUDGE

First day hearings

Transcribed by: Ellen S. Kolman

```
 1  A P P E A R A N C E S :

 2  WEINBERG, GROSS & PERGAMENT, LLP

 3        Attorneys for Debtor

 4        400 Garden City Plaza

 5        Garden City, NY 11530

 6

 7  BY:   MARC A. PERGAMENT, ESQ.

 8

 9

10  OFFICE OF THE UNITED STATES TRUSTEE

11        Attorneys for United States Trustee

12        33 Whitehall Street

13        21st Floor

14        New York, NY 10004

15

16  BY:   BRIAN S. MASUMOTO, ESQ.

17

18

19  OTTERBOURG STEINDLER HOUSTON & ROSEN, P.C.

20        Attorneys for Israel Discount Bank and Metropolitan

21         National Bank

22        230 Park Avenue

23        New York, NY 10169

24

25  BY:   JAMES M. CRETELLA, ESQ.
```

1       P R O C E E D I N G S

2           MR. PERGAMENT:  Good morning, Your Honor.  Marc

3   Pergament, Weinberg, Gross & Pergament attorneys for the

4   debtor, DeWitt Rehabilitation.

5           MR. CRETELLA:  Good morning, Your Honor.  Jim Cretella

6   from Otterbourg Steindler Houston & Rosen on behalf of Israel

7   Discount Bank and Metropolitan National Bank.

8           MR. MASUMOTO:  Good morning, Your Honor.  Brian

9   Masumoto from the Office of the United States Trustee.

10          THE COURT:  All right.  These are first day motions.

11  Counsel, I know you're from a distant jurisdiction called

12  Nassau County but we do have certain procedures here and I

13  think we ought to follow them but -- in the future.

14          MR. PERGAMENT:  That's fine, Judge.

15          THE COURT:  All right.  Now, I signed it all because

16  of the court's closure yesterday and I signed an order

17  providing for payments of the wages and other benefits to the

18  employees which I ordinarily would have done when the first

19  day's were scheduled initially yesterday.  I assume that's gone

20  through smoothly and the bank --

21          MR. PERGAMENT:  No problem.

22          THE COURT:  -- will make payroll today and I assume

23  that but it was conditioned on the agreement of the secured

24  lenders to allow cash to be used to make those payments.  All

25  right.

1      I gather then the issue before us today is an interim

2  order relating to use of cash collateral.

3      MR. PERGAMENT:  Yes.  If we may before you get to

4  that, I spoke with Mr. Masumoto on Wednesday.  He requested and

5  we're representing that none of the expenses to be paid under

6  the wage order is more than a thousand dollars to any employee,

7  so I --

8      THE COURT:  Ten thousand dollars per employee and it

9  says that.

10     MR. PERGAMENT:  I just want to make --

11     THE COURT:  So, that should make Mr. Masumoto happy

12 although he's heard me say more than once that I do not believe

13 that is written in any relevant book.  However, it certainly is

14 written in his book and in this case it's part of the order.

15     MR. MASUMOTO:  Yes, Your Honor.

16     THE COURT:  Now, maybe there's something else in the

17 order that you can be unhappy about but --

18     MR. MASUMOTO:  Your Honor, I believe the

19 representation was with respect to expenses.  The -- I believe

20 the order -- or the application indicated that there were 7,500

21 dollars in expenses.  We'd ask for clarification whether any

22 amount over a thousand was paid to any single individual but

23 not --

24     THE COURT:  You could ask him off line.

25     MR. MASUMOTO:  No, his representation is that there

1  are none.
2          THE COURT:  All right.  I don't know where that number
3  comes from but if that satisfies the U.S. Trustee it satisfies
4  me.
5          MR. PERGAMENT:  Thank you, Your Honor.
6          MR. MASUMOTO:  Thank you, Your Honor.
7          THE COURT:  All right?  Now, we are we on use of cash
8  collateral?
9          MR. PERGAMENT:  On cash collateral, Your Honor, the
10 debtor has an agreement with the secured lender.  We have
11 exchanged comments.  We have agreed language in the order.
12         THE COURT:  Am I going to get a chance to see that?
13         MR. PERGAMENT:  Yes, Judge.  We have a -- I think
14 counsel has a disk we can give Your Honor.  We gave Mr.
15 Masumoto earlier this morning, a few minutes ago, the black
16 line copy of the order.  Unfortunately, because of the weather,
17 we couldn't do it sooner.  We had some difficulty yesterday.
18         THE COURT:  Is it a very simple order or are we
19 getting into the twenty-five page --
20         MR. PERGAMENT:  It's about a ten-page order, Your
21 Honor.  But I don't believe it's -- if you get past the first
22 five pages of what rights the banks and what debt is owed and
23 so forth, there is no -- we don't think we're giving up any
24 rights.  There's no disputes that this lender has security
25 interest in the assets.  That's never been an issue.  But we

1  preserve the right for the creditors' committee or creditors'

2  to object and so forth. It allows the debtor to operate, pay

3  his expenses going forward and, of course, we'll leave the

4  blanks for Your Honor to fix the date for the final hearing and

5  so forth.

6  THE COURT: Mr. Masumoto, have you had a chance to see

7  it?

8  MR. MASUMOTO: Yes, Your Honor. We've made certain

9  comments. We asked counsel to conform the investigative period

10 with the Local Bankruptcy Rules which he has agreed to. We did

11 ask for an increase in the carve out for burial expenses under

12 726 from 5,000 to 25,000 which I understand is agreeable to

13 counsel. But otherwise -- and I believe a minor change with

14 respect to reimbursement of legal and attorneys' fees of what's

15 being included and we asked that I be provided on notice to the

16 committee and to the U.S. Trustee and to the Court as well as

17 to other debtors.

18 THE COURT: Do you think we're going to have a

19 committee.

20 MR. MASUMOTO: Well, Your Honor --

21 THE COURT: I guess you can't tell at this stage.

22 MR. MASUMOTO: We did send out notices indicating an

23 organizational meeting would be held next week Thursday and we

24 hope at that time to be able to form a committee that is

25 sufficient interest. I did receive some calls, unsolicited

1   calls, inquiring about the meeting so there appears to be some
2   interest.
3              THE COURT:  Okay.  Well, why don't I set a date now
4   and what I'll do is if you'll leave a copy of the order or the
5   disk, I'll read it.  If I have any problems with it, I'll try
6   to get -- also leave your -- both of your numbers and I'll try
7   to get you on the phone if it's anything that's material.  And
8   meantime, I'm sure you're aware of another section of the
9   Bankruptcy Code that was inserted in 2005.  The other being the
10  one you were discussing this morning for residential tenants,
11  333, Appointment of patient care ombudsman.  That's a thirty-
12  day rule.  I know the U.S. Trustee is very aware of that
13  provision and I assume maybe it's something to start talking
14  about right away.
15             MR. PERGAMENT:  We already --
16             THE COURT:  I didn't invent the concept so don't blame
17  me.
18             MR. PERGAMENT:  Judge, we've already had discussions
19  with Mr. Masumoto concerning that.  There is already an
20  ombudsman in place who visits to the facility once a week.
21             THE COURT:  Who was he appointed by?
22             MR. PERGAMENT:  New York State.  The state.
23             MR. MASUMOTO:  Yes.  New York City.
24             THE COURT:  The state?
25             MR. MASUMOTO:  It's the New York State Long Term Care

1  Ombudsman.

2          THE COURT:  Oh, he's statutory ombudsman at all times?

3          MR. PERGAMENT:  Correct.

4          THE COURT:  So, he's served do you think?

5          MR. MASUMOTO:  Yes.  Section 333 I believe in (b)(2)
6  specifies that our office can appoint the long term care
7  ombudsman.  We have contacted the ombudsman, and she's a woman
8  named Debbie Warburg (ph.) who's currently inquiring as to
9  whether or not they'll be prepared to serve if our office were
10 to appoint them.  It's not an automatic determination but we do
11 solicit to determine if they're available to be appointed
12 pursuant to the Code.

13         THE COURT:  Maybe that would save a little money which
14 certainly is not a bad idea.

15         MR. MASUMOTO:  Well, we would hope so but
16 unfortunately at the moment it's a problem of the estate as to
17 whether or not they're willing to serve.

18         THE COURT:  I'm certain the estate would ask for some
19 reimbursement perhaps but I'll leave that for another day.  All
20 right.

21         So, we need to give fifteen-days notice of the use of
22 cash collateral.  How long is the -- are the lenders willing to
23 go in terms of the budget?

24         MR. PERGAMENT:  This budget goes throughout -- through
25 the month of February, Your Honor.  It goes to February 20th.

1          THE COURT:  So, let's then do it second half of
2  February so you can give notice next Monday or Tuesday, that
3  would be the 1st.  So, that would take us to February -- how
4  about February 17th?  Well, that's not a good day.  February --
5  February 17th, February 18th, following week would be
6  February -- say February 22nd?
7          MR. PERGAMENT:  That's fine, Judge.
8          THE COURT:  February 22nd at 11 -- at 11.  Make it 10.
9  February 22nd at 10.  And why don't we schedule the initial
10 case conference for that day as well.  I'll ask my calendar
11 clerk to schedule it for that day.
12         Is there anything that's going to come up before then
13 that you know of?
14         MR. PERGAMENT:  I don't believe so, Your Honor.  I
15 think we've resolved other issues that eliminate the need for
16 immediate hearing.
17         THE COURT:  All right.  Thank you very much.
18         MR. PERGAMENT:  Your Honor, if I -- just --
19         THE COURT:  Yes.
20         MR. PERGAMENT:  -- I am filing the application for
21 retention of professionals.  Would Your Honor accept that by
22 presentment or does that have to be an actual hearing date?
23         THE COURT:  First, we have to wait a period of time
24 provided for in the rules.  They apply in the Eastern District
25 as well as here.

1      MR. PERGAMENT: We're aware of that, Judge.

2      THE COURT: A Local Rule. Other than that, no, I

3  ordinarily will take retention simply on the basis of the U.S.

4  Trustee's signoff. But I think in this case, it's always

5  advisable. It's much better for counsel to do it by motion,

6  can do it by presentment or make it a motion returnable on the

7  22nd. Let's handle as many things on the 22nd as we can.

8      MR. PERGAMENT: Your Honor, just as a housekeeping

9  matter, I believe that part of the first day's orders there was

10 a case management order.

11     THE COURT: Oh, yes, there was. Thank you. Do you

12 really need that?

13     MR. PERGAMENT: Your Honor, I'm not sure. We made the

14 motion because we weren't sure if we would have any issues with

15 the bank. I think we're okay. If we do, Judge, I'll just make

16 that as a motion for the 22nd. I don't think we're going to

17 need it at this point.

18     THE COURT: If you do need one, you can discuss it

19 with both counsel. I can enter one on an interim basis subject

20 to reconsideration at the final hearing.

21     MR. PERGAMENT: And we'll set the utilities on the

22 regular -- a standing motion probably on for the same day to

23 deal with the deposit.

24     THE COURT: Now, you don't need to do anything in the

25 first thirty -- what's your filing date?

1  MR. PERGAMENT: January 25th.

2  THE COURT: You're still within thirty days. That

3  should be fine. Thank you very much.

4  MR. PERGAMENT: Thank you, Judge.

5  MR. MASUMOTO: Thank you, Your Honor.

6  (Whereupon these proceedings were concluded at 10:41 AM)

1
2  C E R T I F I C A T I O N
3
4  I, Ellen S. Kolman, certify that the foregoing transcript is a
5  true and accurate record of the proceedings.
6
7  *Ellen S. Kolman* — Digitally signed by Ellen S. Kolman
   DN: cn=Ellen S. Kolman, c=US
   Reason: I am the author of this document
   Date: 2011.02.16 14:13:28 -05'00'
8  _____
9  ELLEN S. KOLMAN (CET**D 568)
10 AAERT Certified Electronic Transcriber
11
12
13 Veritext
14 200 Old Country Road
15 Suite 580
16 Mineola, NY 11501
17
18 Date:  February 16, 2011
19
20
21
22
23
24
25

VERITEXT REPORTING COMPANY
212-267-6868    www.veritext.com    516-608-2400