UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In Re:                                                             Chapter 11

DeWitt Rehabilitation and Nursing Center, Inc.,       Case No. 11-10253-ALG

                 Debtor.

-----------------------------------------------------------X

## MOTION FOR AN ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE EXTENDING THE EXCLUSIVE PERIODS DURING WHICH ONLY THE DEBTOR-IN-POSSESSION MAY FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES OF SUCH PLAN OR PLANS

TO THE HONORABLE ALLAN L. GROPPER,
UNITED STATES BANKRUPTCY JUDGE:

        DeWitt Rehabilitation and Nursing Center, Inc. ("Debtor" or "Debtor-In-Possession"), for its motion for an order pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), extending the exclusive periods during which only the Debtor may file a chapter 11 plan and solicit acceptance of such plan and extending the time for the Debtor to file a plan to September 26, 2011 (the "Motion"), respectfully represents as follows:

### Introduction

        1.      By this Motion, the Debtor seeks a 120 day extension of the time within which the Debtor has the exclusive rights to file a plan of reorganization and to solicit acceptance of such plan and extending the time for the Debtor to file a plan to September 26, 2011.

        2.      Since the Filing Date (as defined below), the Debtor and its professionals have been addressing numerous issues of critical importance to the Debtor's estate, including,

working to stabilize the Debtor's business and restructure its financial operations while continuing to provide the highest quality of care to its residents. Although the Debtor has made progress addressing these various issues, the Debtor needs additional time to evaluate the results of its operations and to consider and implement new business strategies and hopefully negotiate a consensual plan.

## Background

3. On January 25, 2011, (the "Filing Date"), the Debtor filed with this court a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtor is continuing to operate its business and manage its properties as debtor-in-possession.

4. The Debtor provides skilled nursing care and rehabilitation services.

5. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory predicate for the relief requested herein is Section 1121(d) of the Bankruptcy Code.

## The Exclusive Periods

6. Section 1121(b) of the Bankruptcy Code provides a debtor with the exclusive right to file a chapter 11 plan within the first 120 days of the case. Section 1121(d)(2) of the Bankruptcy Code provides that if a debtor files a plan of reorganization within its exclusive period, it has an additional 60 days to solicit acceptances, during which time competing plans may not be filed.

7. The Debtor's 120-day and 180-day exclusive periods (together, the "Exclusive Periods") expire on or about May 26, 2011 and July 26, 2011, respectively. The Debtor now seeks a 120-day extension of the Exclusive Periods in which to file a chapter 11 plan

2

and solicit acceptance of such plan, from May 26, 2011 to and including September 26, 2011 and from July 26, 2011 to and including November 28, 2011, respectively, without prejudice to its right to seek further extensions of the Exclusive Periods.

## Applicable Authority

8. Section 1121 of the Bankruptcy Code provides as follows:

   (a) The debtor may file a plan with a petition commencing a voluntary case, or at anytime in a voluntary case or an involuntary case.

   (b) Except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

   (c) Any party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may file a plan if and only if

   (1) a trustee has been appointed under this chapter;

   (2) the debtor has not filed a plan before 120 days after the date of the order for relief under this chapter; or

   (3) the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief under this chapter, by each class of claims or interests that is impaired under the plan.

   (d) (1) Subject to paragraph (2), on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section.

   (2)(A) The 120-day period specified in paragraph (1) may not be extended beyond a date that is 18 months after the date of the order for relief under this chapter.

   (B) The 180-day period specified in paragraph (1) may not be extended beyond a date that is 20 months

after the date of the order for relief under this chapter.

9. Although the term "cause" is not defined in the statute, the legislative history of section 1121(d) of the Bankruptcy Code indicates that "cause" is a flexible standard designed to balance the competing interests of a debtor and its creditors. See H.R. Rep. No. 595, 95th Cong., 2d. Sess. 231, 232 (1978) (bankruptcy court is given flexibility to increase the 120-day period depending on the circumstances of the case). This flexibility is intended to give the debtor an adequate opportunity to negotiate with its creditors a plan of reorganization that will be effective in rehabilitating the debtor, while recognizing creditors' rights to have substantial input into that process. See In the Matter of Newark Airport, 156 B.R. 444, 451 (Bankr. D.N.J. 1993). In other cases, courts have granted similar (and even lengthier) exclusivity extensions on the first request. See e.g., In re Bradlees Stores, Inc. et al., Case Nos. 95-B-42777 through 95-B-42784 (Bankr. S.D.N.Y.) (Judge Lifland) (granting eight month extension); In re The Caldor Corporation, et al., Case No. 95-B-44080 (Bankr. S.D.N.Y.) (Judge Garrity) (granting six month extension).

10. Certain factors have been identified by courts as relevant in determining whether cause exists to extend the exclusive periods. These factors include: (i) the size and complexity of the chapter 11 case; (ii) the degree of progress that has been achieved by the debtor in the chapter 11 process; (iii) whether the debtor has, in good faith, shown progress in attempting to formulate a plan of reorganization; and (iv) whether the debtor is paying its bills as they come due. See In re McLean Indus., Inc., 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987)(identifying factors used by courts to consider whether cause exists to extend exclusivity) (citations omitted).

4

11. When evaluating these factors, the goal is to determine whether a debtor has had a reasonable opportunity to negotiate an acceptable plan with various interested parties and to prepare adequate financial and non-financial information concerning the ramifications of any proposed plan for disclosure to creditors. See, e.g., In re McLean, 87 B.R. at 833-34; In re Texaco, 76 B.R. 322, 326 (Bankr. S.D.N.Y. 1987).

## Cause For the Extension

12. In this case, sufficient cause exists for the extension of the Exclusive Periods as requested by the Debtor in this motion. Although the Debtor has made substantial progress in its Chapter 11 case, the Debtor needs to see the results of the operations and continue their negotiations before formulating a plan.

13. Until the results of these efforts can be determined, it is unreasonable to expect that the Debtor, or anyone else, could formulate a feasible plan. Rather, it is appropriate to first allow the Debtor an opportunity to implement new strategies, improve profitability and gauge future performance in order to determine what form of plan would make sense.

## Best Interests of the Estate

14. To allow competing plans at this stage of the case would lead to unnecessary situations that could adversely affect the value of the Debtor's assets. Such a scenario could jeopardize the recoveries to creditors in this chapter 11 case.

15. Congress created the exclusive periods to give a debtor a clear opportunity to propose and confirm a plan without the disruption occasioned by competing plans. The objective of chapter 11 is to develop, negotiate, and confirm a plan by agreement. The Debtor desires to do just that; but to do so, the Debtor must be given the additional time necessary to get

its businesses back on track, gauge the results of present efforts, and formulate a plan that is feasible in light of the Debtor's operating performance.

16. For the reasons set forth above, it is premature for a chapter 11 plan to be promulgated by the Debtor. The Debtor deserves a realistic chance to propose, negotiate, and seek acceptance of a chapter 11 plan. Therefore, the Debtor's request for an extension of the exclusive periods is necessary and appropriate, and should be granted.

## Notice

17. The Debtor has provided notice of this Motion to (i) the Office of the United States Trustee, (ii) the secured creditors and the priority tax creditors, (iii) the twenty (20) largest unsecured creditors; (iv) the Official Unsecured Creditor's Committee's counsel; and (iv) all other parties who have filed a notice of appearance in these chapter 11 cases. The Debtor believes that such notice is appropriate under the circumstances of this Motion and that any additional notice would not warrant the expense. Accordingly, the Debtor respectfully requests that any and all other and further notice be dispensed with and waived.

## Waiver of Memorandum of Law

18. Given the nature of the relief requested in this Motion, the Debtor respectfully requests that this Court dispense with and waive the requirement for submission of a memorandum of law.

## No Prior Request

19. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of an order extending the expiration of (i) the exclusive period for filing of a chapter 11 plan from May 26, 2011 to and including September 26, 2011, (ii) the exclusive period for solicitation of acceptance of such plan from July 26, 2011 to and including November 28, 2011, without prejudice to the Debtor's right to seek further extensions of the Exclusive Periods, and (iii) such other and further relief as is just and proper.

Dated: Garden City, New York
       April 13, 2011

                              Weinberg, Gross & Pergament LLP
                              Attorneys for Debtor and Debtor-in-Possession

By: _____
                              Marc A. Pergament
                              400 Garden City Plaza, Suite 403
                              Garden City, New York 11530
                              (516) 877-2424