Jonathan N. Helfat (JNH)
Daniel F. Fiorillo (DFF)
OTTERBOURG STEINDLER
HOUSTON & ROSEN, P.C.
230 Park Avenue
New York, New York 10169
Tel: (212) 661-9100
Fax: (212) 682-6104
Email: jhelfat@oshr.com
dfiorillo@oshr.com

*Attorneys for Israel Discount Bank of New York
and Metropolitan National Bank*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 11 |
| DEWITT REHABILITATION AND NURSING CENTER, INC., | Case No. 11-10253-ALG |
| Debtor. | |

------------------------------------------------------------X

**OBJECTION OF ISRAEL DISCOUNT BANK OF NEW YORK AND METROPOLITAN NATIONAL BANK TO THE MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EXTEND TIME IN WHICH IT MAY CHALLENGE THE LIENS AND CLAIMS ASSERTED BY LENDERS AND TO ASSERT CLAIMS AGAINST LENDERS**

TO THE HONORABLE ALLAN L. GROPPER,
UNITED STATED BANKRUPTCY JUDGE:

Israel Discount Bank of New York and Metropolitan National Bank (collectively, the "Lenders"), by and through their attorneys, hereby submit their objection (the "Objection") to the motion (the "Motion"), dated June 14, 2011 [Dkt. No. 119], of the Official Committee of Unsecured Creditors (the "Committee") for an order extending the Challenge Period (as defined in the Motion) to the date that is sixty (60) days after entry

1921913.3

of a final cash collateral order. In support of this Objection, the Lenders respectfully state as follows:

1. The Committee's Motion fails to demonstrate cause for this Court to disturb its prior ruling on having set a fixed period of time for the Committee to bring any action challenging the pre-petition liens and claims against the Lenders, and should therefore be denied.

2. Under the current terms of the Interim Cash Collateral Order, which has been extended eight (8) times with the Committee's consent, counsel for the Committee has been afforded <u>155 days</u> from the date that Committee's counsel was appointed (the "<u>Challenge Period</u>") to conduct its investigation into any pre-petition claims against the Lenders. During this time, the Lenders have fully cooperated with Committee's counsel in connection with its investigation. For example, the Lenders promptly provided the Committee's counsel with copies of substantially all of the pre-petition loan and lien perfection documents back in February, 2011. Since February, the Committee has not made any additional document requests of the Lenders or required anything further from the Lenders in connection with its investigation.

3. Indeed, the Motion does not allege that the Lenders' conduct has <u>anything</u> to do with the Committee's request to extent the Challenge Period (because any such allegation would simply be untrue). Instead, the Committee sites the <u>Debtor's</u> alleged unwillingness to respond to informal "Document Requests" made be the Committee on April 6, 2011 as sufficient cause to extend the Challenge Period. Rather than pursuing its rights under Rule 2004 over the last three (3) months to obtain the requested information from the Debtor, the Committee instead chose to wait until the Challenge Period reached

its expiration, even though the Lenders already agreed to extend the Challenge Period (which is currently set to expire on July 15, 2011) in the last two orders extending the Interim Cash Collateral Order. *See* Dkt. Nos. 151 and 131.

4. While, as stated in the Motion, the proposed final order sent by the Lenders to the Committee on April 25, 2011 provided that the Challenge Period would expire sixty (60) days from the date of entry of a final cash collateral order, the Lenders agreement to this extended Challenge Period was premised on the notion that a final order would be entered within a week or so from that date. However, over the past three (3) months the Committee, the Debtor and the Lenders have been unable to present to this Court an agreed-upon form of final cash collateral order, notwithstanding that the parties have been engaged in extensive negotiations. Granting the Committee's request to extend the Challenge Period to a date that is sixty (60) days after the entry of a final cash collateral order could potentially subject the Lenders to an indefinite Challenge Period, as it is quite possible than no such final order will ever be entered by the Court.

5. The Court approved the initial Challenge Period (i.e., sixty (60) days from the entry of an order appointing counsel to the Committee) as it represented a fair amount of time to conduct an investigation into the financial transactions between the Debtor and the Lenders. Moreover, the initial Challenge Period could potentially have given the Committee more time to conduct its investigation as would have otherwise been afforded under the local rules, had a final cash collateral order been entered within a reasonable time after entry of the Interim Cash Collateral Order. The extended negotiations between the Lenders, the Debtor and the Committee regarding the terms of a final cash collateral

order should not be used to justify extending the Committee's Challenge Period at the detriment of the Lenders.

6. The Lenders have relied in good faith on the terms of the Interim Cash Collateral Order over the last five (5) months. Due to the repeated extensions of the interim cash collateral order, the Committee has had the benefit of a lengthy period of time in which to review the operative documents comprising the financial arrangements between the Lenders, the Debtor and PropCo. While the Committee has stated that is has made requests upon the Debtor for additional documentation relating to the Debtor's arrangements with the Lenders, as stated above, the Committee has not requested that the Lenders provide any additional documentation. The Lenders should not be prejudiced by any failure in cooperation as between the Debtor and the Committee. The Lenders have permitted the Debtors to use its cash collateral on an interim basis for the past five (5) months, and have agreed to extend the expiration of the Challenge Period to July 15, 2011. Given the lengthy period of time the Committee has had to investigate the transactions between the Lenders, the Debtor and PropCo, the Committee's requested extension of the Challenge Period is unwarranted.

7. While the Lenders object to extending the Challenge Period to any date that is dependent upon the entry of a final cash collateral order, the Lenders would be willing to consider agreeing to a final extension of the Challenge Period to a set date (e.g., August 15, 2011). The Lenders would require, however, that any such extension provide the final date that the Challenge Period will expire, and will not be subject to any further extension.

WHEREFORE, for the reasons discussed above, the Lenders respectfully request that this Court deny the relief requested in the Motion.

Dated: New York, New York
July 11, 2011

> Respectfully Submitted:
>
> OTTERBOURG, STEINDLER, HOUSTON
> & ROSEN, P.C.
> *Attorneys for Israel Discount Bank of New York
> and Metropolitan National Bank*
>
> By: */s/ Jonathan N. Helfat*
>     Jonathan N. Helfat (JNH)
>     Daniel F. Fiorillo (DFF)
>
> 230 Park Avenue
> New York, New York 10169
> Tel: (212) 661-9100
> Fax: (212) 682-6104
> Email: jhelfat@oshr.com
>        dfiorillo@oshr.com