UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――
                                                              :
In re:                                                     :     Chapter 11
                                                              :
DeWitt Rehabilitation and Nursing Center, Inc.,   :     Case No. 11 B 10253 (ALG)
                                                              :
                            Debtor.                     :
―――――――――――――――――――――――――――――:


MEMORANDUM OF DECISION AND ORDER DISALLOWING AND EXPUNGING THE
PRIORITY PORTION OF PROOF OF CLAIM NO. 149 OF UNITED STAFFING REGISTRY,
INC.

DeWitt Rehabilitation and Nursing Center, Inc. ("Debtor") moves to expunge the priority portion of proof of claim 149 filed by United Staffing Registry, Inc. ("Claimant"). Claimant had a contract with the Debtor to supply the Debtor with temporary employees. Among other things, the contract provided that Claimant would "assume sole and exclusive responsibility for the payment of wages" to the temporary employees and for "appropriate Federal, State and local withholding taxes for payment of the Company's share of FICA on such wages, for payment of Federal and State unemployment insurance taxes on such wages and, for other similar withholdings, taxes or payments required." *Contract, dated September 10, 1996*, at ¶ 4, attached as Ex. B to *Debtor's Application*. Addendum #2 further provided that the Debtor "shall in no event whatsoever be liable for any claims of non-payment of wages or benefits due to personnel provided by the [Claimant]," and that Claimant would indemnify the Debtor for all claims related thereto. *Addendum #2*, attached as Ex. D to *Debtor's Application.*

Claimant filed a proof of claim asserting a contract claim in the amount of $1,875,300.27 for "Employee Services" of which, it asserted, $148,852.09 was entitled to priority status under 11 U.S.C. § 507(a)(5) as "contributions to an employee benefit plan." It attached a schedule

1

showing that the $148,852.09 represented the social security (FICA), Medicare, unemployment and other insurance payments it made for the benefit of the temporary employees that it provided to the Debtor.

The Debtor objected to the claimed priority, asserting that Claimant had only an unsecured non-priority claim for unpaid amounts due under the contract, including Claimant's payments for withholding taxes and insurance to its own employees. The Debtor cited *In re Grant Indus. Inc.*, 133 B.R. 514 (Bankr. W.D. Mo. 1991), where the Court disallowed the priority portion of the claim of a temporary employment agency which had supplied the debtor with temporary employees and asserted that it was entitled to the priority wage claim of employees under 11 U.S.C. § 507(a)(3) (now renumbered § 503(a)(4)).[1] The Court in *Grant Industries* found that "[t]he key distinction is between those claimants who are truly engaged in a master/servant relationship with the debtor and those who are engaged in a contractual relationship with the debtor," and that the latter are not entitled to a priority. *Id*. at 515.

Claimant attempts to distinguish *Grant Industries* on several grounds. First, it argues, the *Grant Industries* decision was premised in part on the wording of § 507(a)(4), which provides a priority for "wages, salaries, or commissions … earned by an individual." By contrast, § 507(a)(5) does not restrict the priority to earnings by an "individual" and provides a priority more broadly for "contributions to an employee benefit plan," limited by a dollar amount and arising from "services" rendered within a limited period prior to the bankruptcy filing. Claimant cites cases that have held that payments by insurers with respect to medical plans have been held to be payments to "employee benefit plans" for purposes of § 507(a)(5). *See Ivey v. Great West Life & Annuity Ins. Co.*, 308 B.R. 752 (MD.N.C. 2004) (holding also that the "services"

---

[1] All references hereafter are to the Code as amended. Former § 503(a)(3) is now § 507(a)(4) and former § 507(a)(4) is now § 507(a)(5).

2

mentioned may be provided by the insurance company rather than the employee); *In re Build Tech Systems, Inc.*, 339 B.R. 328 (Bankr. D. Vt. 2006); *Official Creditors Committee v. Blue Cross and Blue Shield of Georgia, Inc. (In re Lummus Indus., Inc.)*, 193 B.R. 615 (Bankr. M.D.Ga. 1996). Certain of this authority may be subject to reconsideration in light of the Supreme Court's subsequent decision in *Howard Delivery Service, Inc. v. Zurich American Ins. Co.*, 547 U.S. 651 (2006), where the Court, in a "close" case, held that premiums due to an insurance company for workers' compensation insurance were not entitled to priority under § 507(a)(5) and were more appropriately bracketed with premiums paid for other liability insurance "than with contributions made to secure employee retirement, health, and disability benefits." 547 U.S. at 655. Reviewing the 1978 legislative history of § 507(a)(5) in light of prior decisions that the pre-1978 wage priority did not include contributions to an employee benefit plan, the Court held, among other things, that "[b]eyond genuine debate, the main office of § 507(a)(5) is to capture portions of employee compensation for services rendered not covered by § 507(a)(4)." *Id.* at 659.

In any event, assuming that the contributions whose priority is sought are contributions to an "employee benefit plan" and that contributions made by a third party are covered, there is no basis to conclude that payments made to an employee plan not maintained by the debtor are within the § 507(a)(5) priority. As the Supreme Court noted in *Howard Delivery Systems*, § 507(a)(5) was intended to complement § 507(a)(4), which provides a wage priority for individual "employees." No court has suggested that the wage priority benefits individuals who are not and have never been direct employees of the debtor. In *In re Saco Local Dev. Corp.*, 711 F.2d 441, 449 (1st Cir. 1983), the Court (per then Judge Breyer) held that an insurance company providing group life, health and disability benefits to a debtor had a priority claim for contributions to an

3

"employee benefit plan", but noted that the purpose of the priority is "to protect Saco's [the debtor's] employees…." *See also Employers Ins. of Wausau v. Ramette (In re HLM Corp.)*, 183 B.R. 852, 856 (D. Minn 1994) (noting that the priority for benefits was adopted "specifically to place non-monetary compensation owed by a debtor to *its* employees on the same level as wage compensation") (emphasis added).

In the case at bar, the employees whose benefits were paid were not at any time employees of the debtor, and the contract between Claimant and the Debtor made it entirely clear that Claimant was responsible for payments to Claimant's employees and that Claimant would indemnify the Debtor for any such payments that Claimant failed to make. Claimant argues that its employees may, under New York law, be deemed "special employees" of the Debtor, citing, *inter alia*, *Thomson v. Grumman Aerospace Corp.*, 78 N.Y.2d 553, 578 N.Y.S.2d 106, 585 N.E.2d 355 (1991). This principle applies in workers' compensation cases and is irrelevant for purposes of construction of § 507(a)(5) of the Bankruptcy Code. Moreover, the employees are not the Claimants. Claimant was the creditor of the Debtor for the amount it paid its employees and not a mere conduit or agent of the Debtor. *Cf. Official Comm. of Unsecured Creditors v. U.S. Relocation Servs. (In re 360Networks (USA) Inc.)*, 338 B.R. 194, 201-04 (Bankr. S.D.N.Y. 2005).

The Supreme Court stated that its decision in *Howard Delivery Service* reflected the fact that "the Bankruptcy Code aims, in the main, to secure equal distribution among creditors," and the Court referred to the "complementary principle that preferential treatment of a class of creditors is in order only when clearly authorized by Congress." 547 U.S. at 655. Congress' intent to limit the scope of the priorities in §§ 507(a)(4) and (a)(5) is reflected in § 507(d) of the Code, which provides that "An entity that is subrogated to the rights of a holder of a claim of a

4

kind specified in subsection (a)(1), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8) or (a)(9) of this section is not subrogated to the right of the holder of such claim to priority under such subsection." Claimant's asserted priority would expand § 507(a)(5) far beyond its intent and permit many creditors to assert a priority for a portion of a claim that could be attributed to its contributions to its employee benefit plan, rather than to the debtor's employee benefit plan. The Debtor's objection to the priority portion of Claimant's proof of claim is sustained, and the entire claim is reclassified as a general unsecured claim.

Finally, the Debtors have asked for reimbursement of legal fees and costs incurred in having to prosecute this motion pursuant to the indemnification provisions of Addendum #2 to the Contract. The indemnification provision, however, relates to claims that arise out of or are based "upon any claims for non-payment of wages or benefits to personnel provided by the Claimant to the Debtor." Here, there are no allegations that the employees did not receive their wages or benefits. Accordingly, the request for reimbursement of legal fees and costs incurred to prosecute this motion is denied.

IT IS SO ORDERED.

Dated: New York, New York
August 17, 2012

s/Allan L. Gropper
UNITED STATES BANKRUPTCY JUDGE
